UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA

-v-

LEONARD MATHEWS,
                     Defendant.

18-CR-124 (JPO)

22-CV-1713 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Petitioner Leonard Mathews brings this petition for a writ of habeas corpus under 28 U.S.C. § 2255.  Proceeding *pro se*, Mathews seeks relief from his conviction for using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii) and 2.  Mathews argues that the predicate crime of violence, assault with a dangerous weapon in aid of racketeering, can no longer sustain the conviction after the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), which held that for purposes of the Armed Career Criminal Act, an offense that requires a *mens rea* of only recklessness does not qualify as a "violent felony" under that statute.

**I.    Background**

      In January 2018, a criminal complaint was filed against Mathews for his role in a shooting in October 2017.  (ECF No. 1.)[1]  The second superseding indictment, filed in May 2018, contained six counts against Mathews.  (ECF No. 24.)  Mathews proceeded to trial, and in October 2018, the jury acquitted Mathews of the first two counts but convicted him of the remaining four counts.  (ECF No. 69.)  As relevant here, the jury convicted Mathews of Count

―――――――――――
[1] The Court uses ECF citations to the underlying criminal case, 18-CR-124.  This § 2255 petition is also filed as a civil case, 22-CV-1713, with docket filings in both cases.

1

Three, which charged Mathews with willfully causing or aiding and abetting assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2, and of Count Four, which charged Mathews with using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii) and 2.  (*See* ECF No. 24 at 5-6; ECF No. 69 at 1-2.)

In June 2019, the Court sentenced Mathews to a term of 204 months' imprisonment—consisting of 84 months on Counts Three, Five, and Six, to run concurrently with each other, as well as 120 months on Count Four, to run consecutively to the sentence on Counts Three, Five, and Six—to be followed by three years of supervised release.  (ECF No. 101.)

Mathews appealed (ECF No. 103), and the Second Circuit affirmed his conviction and sentence in January 2021.  *United States v. Mathews*, 841 F. App'x 295 (2d Cir. 2021) (summary order).  Mathews then filed this petition for relief pursuant to 28 U.S.C. § 2255 in March 2022.  (ECF No. 109.)  The government filed an opposition to the petition in May 2022 (ECF No. 111) and Mathews filed a reply in July 2022 (ECF No. 114).

**II.     Legal Standard**

Under 28 U.S.C. § 2255, an individual convicted of federal crimes may petition a court to vacate, set aside, or correct his sentence.  "[C]ollateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citation omitted).  "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by

collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and citation omitted).

Where a petitioner is *pro se*, as is the case here, a court must construe the petitioner's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *Santiago v. United States*, 187 F. Supp. 3d 387, 388 (S.D.N.Y. 2016) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). Still, *pro se* litigants are "not exempt from compliance with relevant rules of procedural and substantive law." *Carrasco v. United States*, 190 F. Supp. 3d 351, 352 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

### III.   Discussion

Mathews contends that the violent crime in aid of racketeering ("VICAR") offense in Count Three cannot be considered a "crime of violence" under 18 U.S.C. § 924(c), which his conviction on Count Four requires. As a result, Mathews argues, his conviction on Count Four and the associated sentence are unlawful. Because an application of the modified categorical approach demonstrates that Count Three does indeed qualify as a "crime of violence" under 18 U.S.C. § 924(c), Mathews's petition must be denied.

Under 18 U.S.C. § 924(c)(1)(A), defendants are subject to mandatory minimum punishments for using or carrying a firearm during and in relation to any "crime of violence." The statute defines a "crime of violence" in two subparts, known as the elements clause, *id.* § 924(c)(3)(A), and the residual clause, *id.* § 924(c)(3)(B). The elements clause defines a "crime of violence" as any felony offense that "has an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The residual clause defines a "crime of violence" as any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). The Supreme Court, however, has held

3

that the residual clause is unconstitutionally vague, meaning that convictions under 18 U.S.C. § 924(c)(1)(A) must be predicated on a crime that meets the elements clause's definition of a "crime of violence." *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

The question here, then, is whether Mathews's conviction on Count Four is indeed predicated on such a crime of violence. To "determin[e] whether a predicate offense qualifies as a crime of violence under the elements clause," courts "ordinarily apply the categorical approach." *Colotti v. United States*, 71 F.4th 102, 108 (2d Cir. 2023) (citing *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022)). Under that approach, we ask whether "*categorically*, that is to say, in every instance by its very definition, [the offense] involves the use of force." *United States v. Martinez*, 991 F.3d 347, 353 (2d Cir. 2021). The categorical approach therefore "do[es] not consider the particular facts before us," and instead requires a court to determine whether the "minimum criminal conduct necessary for conviction under a particular statute" constitutes a "crime of violence." *United States v. Pastore*, __ F. 4th __, 2023 WL 6379704, at *3 (2d Cir. 2023) (internal quotation marks and citation omitted).

In certain circumstances, however, courts employ what is known as the "modified categorical approach." That approach applies in the case of "divisible" statutes, which are "statutes that 'list elements in the alternative, and thereby define multiple crimes.'" *Id.* (quoting *Mathis v. United States*, 579 U.S. 500, 505 (2016)). For such statutes, courts apply a modified categorical approach by "consulting a limited set of documents—including the indictment, verdict form, and jury instructions—to determine which of the alternative branches of the statute's prohibitions was the basis of the defendant's conviction," and then "assessing whether the elements of that branch of the offense can be satisfied by conduct that would fall outside the

definition of a 'crime of violence' provided by § 924(c)(3)(A)." *Colotti*, 71 F.4th at 108 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

The modified categorical approach applies in this case, as the relevant statutes are divisible. Count Three, which charged Mathews with VICAR assault in violation of 18 U.S.C. §§ 1959(a)(3) and 2, served as the predicate "crime of violence" supporting Mathews's conviction on Count Four under 18 U.S.C. § 924(c). As the Second Circuit has explained in a case that similarly addressed whether a VICAR offense was a valid predicate "crime of violence" for a conviction under 18 U.S.C. § 924(c), the statute criminalizing VICAR assault—18 U.S.C. § 1959(a)(3)—is divisible "because it defines . . . two types of VICAR assault: VICAR assault with a deadly weapon . . . and VICAR assault resulting in serious bodily injury." *United States v. Morris*, 61 F.4th 311, 317 (2d Cir. 2023).

Here, the modified categorical approach entails three steps. "[T]he first step in our analysis is to determine which VICAR assault variant is the predicate crime of violence underlying [the defendant's] conviction under § 924(c)." *Id.* at 318. Then, the "second step is to determine which of those laws [the defendant] violated during the commission of the specific VICAR assault identified at Step One." *Id.* Finally, a court must "determine whether the committed VICAR assault, premised on a violation of the relevant state or federal law identified at Step Two, is a 'crime of violence' under § 924(c)'s elements clause." *Id.*

Under the first step, the Court concludes that VICAR assault with a deadly weapon under 18 U.S.C. §§ 1959(a)(3) and 2 is the relevant predicate crime of violence. The parties agree that Count Three is the only possible predicate for Mathews's conviction on Count Four. (*See* ECF No. 109 at 9; ECF No. 111 at 2.) The second superseding indictment specified that Count Three consisted of "Violent Crime in Aid of Racketeering—Assault with a Dangerous Weapon,"

5

making it clear that of the two variants of VICAR assault, VICAR assault with a dangerous weapon is the relevant one here.  (ECF No. 24 at 5.)  The Court's instructions to the jury also specified that "Count Three charges the Defendant with willfully causing and aiding and abetting assault with a dangerous weapon."  (ECF No. 80 ("Trial Tr.") at 1131.)[2]  Finally, the verdict form also specified that Count Three was based on willfully causing or aiding or abetting assault with a dangerous weapon in aid of racketeering.  (ECF No. 69 at 1.)

Under the second step, Mathews's conviction was premised on a violation of N.Y. Penal Law § 120.05(2).  For Count Three, the jury was instructed that one is guilty of a crime when, "with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."  (Trial Tr. at 1131.)  Those instructions exactly match the text of N.Y. Penal Law § 120.05(2), which criminalizes assault in the second degree.  The jury instructions then explained that the relevant crime has two elements: "[f]irst, the Defendant caused, or aided and abetted the causation of, physical injury to someone by means of a deadly weapon or dangerous instrument," and "[s]econd, the Defendant did so with the intent to cause physical injury to that person or another person."  (Trial Tr. at 1131-32.)  The second superseding indictment also supports an interpretation that Count Three was premised on a violation of N.Y. Penal Law § 120.05(2), as Mathews was charged with having "knowingly assaulted individuals with a dangerous weapon, and aided and abetted the same . . . and in doing so injured multiple people."  (ECF No. 24 at 5-6.)  Similarly, the verdict form described Count Three as "willfully causing or aiding and abetting assault with a dangerous weapon in aid of racketeering."  (ECF No. 69 at 1 (capitalization altered).)  The relevant documents therefore all demonstrate that Mathews was charged with intentional conduct.

---

[2] Citations refer to the native pagination of the trial transcript.

Finally, under the third step, VICAR assault with a deadly weapon (which is premised on a violation of N.Y. Penal Law § 120.05(2)) qualifies as a "crime of violence" under Section 924(c)'s elements clause. The Second Circuit has "already held that VICAR Assault DW [with a deadly weapon] premised on a violation of N.Y. Penal Law § 120.05(2) can sustain a conviction under § 924(c)." *Morris*, 61 F.4th at 319-20. The Second Circuit has repeatedly reached that conclusion in recent years, even as the Supreme Court has issued additional guidance on how to apply the categorical approach. *See, e.g.*, *United States v. Laurent*, 33 F.4th 63, 92 (2d Cir. 2022) ("[A]ttempted assault under N.Y.P.L. § 120.05(2) necessarily and categorically requires the use of 'physical force,' and therefore qualifies as a 'violent felony' under the Armed Career Criminal Act . . . [whose] definition of 'violent felony' . . . is identical, in relevant part, to the definition of 'crime of violence' under § 924(c)(3)(A)." (citations omitted)); *United States v. White*, 7 F.4th 90, 104 (2d Cir. 2021) ("[T]he New York offense of assault in the second degree . . . categorically 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (quoting 18 U.S.C. § 924(c)(3)(A)). As a result, Mathews was validly convicted on Count Three under Section 924(c) based on his conviction on Count Three of VICAR assault with a deadly weapon.

Mathews's principal argument rests on the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), which was decided after the Second Circuit resolved Mathews's appeal. In *Borden*, a majority of the Supreme Court held that conduct with a *mens rea* of only recklessness cannot satisfy the elements clause. *See id.* at 1821, 1829 n.6 (plurality opinion); *id.* at 1835 (Thomas, J., concurring in the judgment). N.Y. Penal Code § 120.05 contains multiple alternative ways in which one can be liable for assault in the second degree, some of which require a *mens rea* of only recklessness, but others of which require more. *Compare* N.Y. Penal

7

Code § 120.05(4) (making it a crime to "recklessly cause[] serious physical injury to another person by means of a deadly weapon or a dangerous instrument"), *with id.* § 120.05(2) (making it a crime to, "[w]ith intent to cause physical injury to another person . . . cause[] such injury . . . by means of a deadly weapon or a dangerous instrument"). Because even reckless conduct can support a conviction under N.Y. Penal Code § 120.05—which served as the predicate for Mathews's conviction on Count Three, which in turn served as the predicate for Mathews's conviction on Count Four—Mathews contends that under the categorical approach, his conviction on Count Four runs afoul of *Borden*.

While Mathews is correct that N.Y. Penal Code § 120.05 reaches far enough to criminalize reckless conduct, the application of the modified categorical approach renders those subsections of § 120.05 irrelevant. Because "NYPL § 120.05 contains multiple subsections," a court "must apply the modified categorical approach . . . to determine the subsection under which the defendant was convicted." *Singh v. Barr*, 939 F.3d 457, 462 (2d Cir. 2019). As explained earlier under step two, the relevant indictment, the jury instructions, and the verdict form all support the conclusion that Mathews was charged under N.Y. Penal Code § 120.05(2). That subsection, in turn, requires a showing that the defendant acted "[w]ith intent" to injure another. N.Y. Penal Code § 120.05(2). The mere existence of a different subsection of Section 120.05 that requires only recklessness is therefore irrelevant under the modified categorical approach, and *Borden* has no application here. That remains true even though, as Mathews observes, the relevant indictment listed Section 120.05 only generally and did not specify subsection (2). (*See* ECF No. 114 at 11.) The content of the indictment, which charged Mathews with having "*knowingly* assaulted individuals with a dangerous weapon" (ECF No. 24 at 5 (emphasis added)), shows that his conviction required at least a *mens rea* of knowledge and could not have

8

been under a subsection that required a *mens rea* of only recklessness. Moreover, as detailed above, the jury instructions borrowed language directly from Section 120.05(2), and the verdict form specified that Count Three was premised on willful conduct. *See Boykin v. United States*, No. 16-CV-4185, 2020 WL 774293, at *6 (S.D.N.Y. Feb. 18, 2020) (concluding that even though an indictment alleged a violation of N.Y. Penal Law § 125.25 generally, the relevant subsection was Section 125.25(1), based on the language in the indictment and the plea colloquy).

The Second Circuit has already, in a post-*Borden* decision, rejected the very argument Mathews makes. In *Morris*, the court explained that even though "one *can* commit assault [under N.Y. Penal Code § 120.05] with a *mens rea* short of intent and without violent physical force," that point is irrelevant where the relevant subsection is Section 120.05(2), which "requires that the defendant 'inten[d]' to cause 'physical injury.'" 61 F.4th at 319 n.11. And although Mathews objects that a court cannot successively determine that two layers of predicate statutes are divisible—*i.e.*, determine that VICAR assault under 18 U.S.C. § 1959(a)(3) is divisible, and then determine that N.Y. Penal Code § 120.05, which supports the VICAR assault conviction, is also divisible (ECF No. 114 at 10-11)—that is precisely the approach the Second Circuit took in *Morris*. 61 F.4th at 318-20.

**IV.    Conclusion**

For the foregoing reasons, Mathews's petition to vacate his conviction on Count Four is denied.

Because this motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

9

The Clerk of Court is directed to:

(1) docket this opinion and order in both 18-CR-124 and 22-CV-1713;

(2) close the motion at ECF Number 109 in case number 18-CR-124;

(3) close case number 22-CV-1713; and

(4) mail copies of this opinion and order to the Defendant at the following two addresses:

> Leonard Mathews
> 79957-054
> USP Lee
> P.O. Box 305
> Jonesville, VA 24263
>
> Leonard Mathews
> 79957-054
> USP Hazelton
> P.O. Box 2000
> Bruceton Mills, WV  26525

SO ORDERED.

Dated: October 16, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge